IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INNOVATIVE ASSOCIATED CORP.,

Plaintiff,

v.                                          CIVIL NO. 22-1075 (CVR)

CELIN CORP. et al.,

Defendants.

## OPINION AND ORDER

## INTRODUCTION

Plaintiff Innovative Associated Corp. ("Plaintiff" or "Innovative Associated") filed the present case alleging breach of contract, collection of monies and unjust enrichment under 28 U.S.C. § 1332(a). Defendants are Celin Corporation ("Celin") and its authorized representative, Gerardo Fernández-Guerrero ("Fernández-Guerrero" collectively "Defendants"). The Complaint alleges that Plaintiff and Celin executed a Promissory Note signed by Fernández-Guerrero, as Celin's President and as its authorized representative, and that Celin failed to comply with its terms. As a result of Defendants' alleged breach of contract, Plaintiff now seeks collection of monies and unjust enrichment, including but not limited to the price of the products sold, and any other commercially reasonable damages including lost profits and incidental and/or consequential damages, prejudgment interest, attorney's fees and costs. (Docket No. 1).

Co-Defendant Fernández-Guerrero filed a "Motion to Dismiss" averring that Plaintiff's claims against him in his personal capacity should be dismissed for failure to state a claim, given the quintessential principle of corporate law that protects corporate

directors from liability. (Docket No. 20).  Plaintiff opposes the request for dismissal, alleging that Celin Corporation has not been complying with the required formalities that afford the entity its legal status as a valid corporation.  (Docket No. 22).

After a careful review, the Court finds that Plaintiff has not met its burden at this stage to pierce the corporate veil, and hereby DISMISSES WITHOUT PREJUDICE all claims filed against co-Defendant Fernández-Guerrero, in his personal capacity.

### STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement....' Specific facts are not necessary.").  In order to "show" an entitlement to relief, a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  See Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See also Ocasio-Hernández v.

Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).   A plaintiff is now required to present allegations that move the claims across the line from conceivable to plausible in order to comply with the requirements of Rule 8(a). See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009).

## LEGAL ANALYSIS

Under Puerto Rico law, there is presumption that a corporate entity is separate from its corporate directors, officers, and shareholders, who are generally not liable for the corporation's debts and actions.  P.R. Laws Ann. tit. 14, §3501, *et seq.*; Colón v. Blades, 757 F. Supp.2d 107 (D.P.R. 2010).  As a rule, this shield will almost never be disregarded. There are, however, a variety of exceptions to this rule.  Wadsworth, Inc. v. Schwarz-Nin, 951 F. Supp. 314 (D.P.R. 1996).

In certain circumstances, the "corporate veil" may be pierced and individual liability imposed upon the individuals for which the corporate entity served merely as an alter ego.  Nieto-Vincenty v. Valledor, 22 F. Supp. 3d 153, 162 (D.P.R. 2014). Veil-piercing is also supported "[w]here the directors or officers use the corporation to commit fraud." Wadsworth, Inc., 951 F.Supp. at 322 (*citing to* South P.R. Sugar Corp. v. Sugar Board, 88 D.P.R. 43 (1963)); Situ v. O'Neill, 124 F. Supp. 3d 34, 50 (D.P.R. 2015).

Thus, to pierce the corporate veil and be able to demand payment from co-Defendant Fernández-Guerrero, Plaintiff must establish that he acted with intent to defraud or that the corporation was a shell, and he was its alter-ego.

In Fleming v. Toa Alta Dev. Corp., 96 D.P.R. 240, 244 (1968), the Supreme Court of Puerto Rico held that it was insufficient for a plaintiff to rely on an unpaid corporate debt to pierce the corporate veil. "Additional evidence must be offered which would lead

Innovative Associated Corp. v. Celin Corp. et al
Opinion and Order
Civil 22-1075 (CVR)
Page 4

---

to the conclusion that the corporation has been established or that its business has been managed for the purpose of defrauding." Fleming, 96 D.P.R. at 244; Wadsworth, Inc., 951 F. Supp. at 322.

To establish fraud under Puerto Rico law, "a plaintiff must establish: (1) that a false representation was made; (2) that the plaintiff reasonably and foreseeably relied thereon; (3) that the plaintiff was injured by his reliance; and (4) that the defendant intended to defraud the plaintiff." F.C. Imports, Inc. v. First Nat. Bank of Bos., N.A., 816 F. Supp. 78, 87 (D.P.R. 1993). "A party alleging fraud must prove its existence with uncontroverted and unchallengeable evidence. The party must produce evidence, which is strong, clear, unchallengeable, convincing, and conclusive, since a mere preponderance of the evidence is not sufficient to establish the existence of fraud in [Puerto Rico]." Id. "Mere conclusions, conjectures, and suppositions or suspicions are not of themselves sufficient to substantiate an allegation of fraud." Id.; Wadsworth, Inc., 951 F. Supp. at 323. Additionally, the party seeking to pierce the corporate veil has the burden of producing "strong and robust evidence" that the corporate form should be disregarded. Escude Cruz v. Ortho Pharm. Corp., 619 F.2d 902, 905 (1st Cir. 1980); see also Milán v. Centennial Commc'ns Corp., 500 F. Supp. 2d 14, 26 (D.P.R. 2007); Díaz Aponte v. Comunidad San José, Inc., 130 P.R. Dec. 782, 798 (1992); Situ, 124 F. Supp. 3d at 50.

In the present case, Plaintiff simply alleges that Celin Corporation has not filed the legally required annual corporate records before the Puerto Rico Department of State and that its corporate name has expired. (Docket Nos. 1 and 22). By itself, this is insufficient under Fleming, 96 D.P.R. at 244 to pierce the corporate veil, and Plaintiff has failed to present any other evidence to buttress this claim. Plaintiff merely contends that this

emerges from "a quick review" of the record presented in the Puerto Rico Department of State. (Docket No. 22).  Plaintiff later asserts that, upon a later review of the Department of State's webpage, Celin Corporation has filed several annual statements up until the year 2020. Plaintiff must present solid evidence and not speculation to pierce the corporate veil.  Even though the Court must accept statements in the Complaint as true at this stage, this bare bone allegation cannot sustain a claim to pierce the corporate veil.

Additionally, the evidence provided so far to justify piercing the veil, so as to bring a claim against co-Defendant Fernández-Guerrero in his personal capacity, is practically non-existent.  Plaintiff's only evidence is the Promissory Note and an Extrajudicial Claim Letter sent to Defendants.  (Docket Nos. 38-1 and 2).  A cursory look at them is enough to establish that they are not enough.

The Promissory Note states that Celin Corporation owes Innovative Associated Corp. the amount of $220,322.00, and that co-Defendant Fernández-Guerrero signed as the corporation's authorized representative.  It further indicates that "failure to pay in accordance with the terms described here will provide Innovative Associated Corp. with the right to request payment of the entire debt due on the date of default, added to the payment of ($15,000) for costs, expenses, legal interests and attorney fees." (Docket No. 38-1).  The Promissory Note does not specify that co-Defendant Fernández-Guerrero is somehow liable for the corporation's debt or that he signed the Promissory Note in his personal capacity.  On its face, this document adds nothing to Plaintiff's case, as it does not contain any information whereby it can even be inferred that the corporation somehow engaged in fraudulent activity or that co-Defendant Fernández-Guerrero is the corporation's alter ego.

The Extrajudicial Claim Letter, in turn, only evidences that Innovative Associated requested payment only from Celin pursuant to the Promissory Note, and not from co-Defendant Fernández-Guerrero. (Docket No. 38-2). There is likewise no evidence in this document to conclude that the corporate form was disregarded or the corporation was used to commit fraud, which is required to pierce the corporate veil and be in a position to demand payment from co-Defendant Fernández-Guerrero.

In sum, the Court finds that Plaintiff has presented no evidence to pierce the corporate veil at this stage. Plaintiff is free to raise this claim again at the conclusion of discovery, if warranted.

## CONCLUSION

For the above-mentioned reasons, co-Defendant Gerardo Fernández-Guerrero's Motion to Dismiss (Docket No. 20) is GRANTED, and all claims against him are hereby DISMISSED WITHOUT PREJUDICE.

Partial judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 13th day of March 2023.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES DISTRICT JUDGE